IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CAREY GRAHAM, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CASE NO. CV411-090 |
| | ) | |
| KURT GRAHAM and GRAHAM FORESTRY, INC., | ) | |
| | ) | |
| Appellees. | ) | |

O P I N I O N

This case is before the Court on appeal (Doc. 1) from the January 23, 2009 Memorandum and Order of Bankruptcy Court Judge Lamar W. Davis, Jr. (Doc. 1 at 962-971). Jurisdiction over appeals from orders of bankruptcy courts is vested in the district courts by 28 U.S.C. § 158(a). For the reasons that follow, the order of the bankruptcy court is **AFFIRMED**. The Clerk of Court is **DIRECTED** to close this case.

BACKGROUND

This matter is once again before this Court on appeal of the Bankruptcy Judge's decision awarding Appellee[1] Kurt Graham attorney's fees and punitive damages. Previously, this Court affirmed the Bankruptcy Judge's conclusion that

---

[1] Due to the nature of this case, the term "Appellee" refers to Kurt Graham individually.

Appellant Carey Graham violated the Automatic Bankruptcy Stay ("Stay") and decision to award actual damages, attorney's fees, and punitive damages. (CV409-128, Doc. 15.) However, this Court reversed the Bankruptcy Judge's calculation of actual damages, finding that they were too speculative under Georgia law when based on future lost profits. (Id. at 11-24.) The Court remanded the case to the Bankruptcy Court to recalculate damages. (Id. at 25-26.) In addition, this Court stated that, on remand, the Bankruptcy Judge may modify his award of attorney's fees and punitive damages based on his calculation of actual damages. (Id.)

On remand, the Bankruptcy Court concluded that Appellee failed to sufficiently prove lost profits or any other measure of loss, awarding no damages based on any losses. (Doc. 1 at 964.) In addition, the Bankruptcy Court reimposed its prior award of $30,000 for attorney's fees, adding an additional $8,202.49 in appellate attorney's fees, for a total of $38,202.49. (Id. at 964-69.) Finally, the Bankruptcy Court also reimposed its award of $5,000 in punitive damages. (Id. at 8-9.)

While this case was on remand, the Bankruptcy Court dismissed Appellee's Chapter 12 petition. (Doc. 1 at 2739-61.) As the basis for dismissal, the Bankruptcy Court cited

2

a litany of fraudulent and misleading acts with respect to his bankruptcy petition. (Id. at 2741-55.) Despite its decision to dismiss the petition, the Bankruptcy Court elected to exercise its discretion and retain jurisdiction over the adversary proceeding that forms the basis of this appeal. (Id. 2759-60.)

On April 5, 2011, Appellant filed his Notice of Appeal from the Bankruptcy Judge's order awarding Appellee no lost profits, but awarding $38,202.49 in attorney's fees and $5,000.00 in punitive damages. (Doc. 1.) On appeal, Appellant argues that the Bankruptcy Court abused its discretion when retaining jurisdiction over the adversary proceeding after dismissing the underlying bankruptcy petition for fraud. (Doc. 3 at 9-16.) Second, Appellant contends that the Bankruptcy Court incorrectly concluded that the adversary proceeding was necessary to deter Appellant from violating the Stay. (Id. at 16-19.) Third, Appellant reasons that an award of attorney's fees and punitive damages is improper absent any award of actual damages. (Id. at 19-25.) Fourth, Appellant claims that Appellee is estopped from alleging that Appellant violated the Stay because of Appellee's own fraud during the bankruptcy proceedings. (Id. at 26.) Finally, Appellant avers that the Bankruptcy Court incorrectly ordered the

payment of attorney's fees to Appellee's counsel, violating Appellant's right of set-off.[2] (Id. at 37-39.)

## ANALYSIS

On review from an order of a bankruptcy court, the district court will only set aside findings of fact if they are found to be "clearly erroneous." Fed. R. Bankr. P. 8013. During this review, this Court will give due regard to the "opportunity of the bankruptcy court to judge the credibility of the witnesses." (Id.) The district court is not "authorized to make independent factual findings; that is the function of the bankruptcy court." In re Sublett, 895 F.2d 1381, 1384 (11th Cir. 1990). The clearly erroneous standard of review also applies to awards of damages, attorneys fees, and punitive damages. See Holmes v. Gen. Elec. Capital Corp., 387 B.R. 896, 903 (M.D. Ga. 2008), Jankowski v. Marine Contracting Corp. (In re Rose Marine, Inc.), 1993 WL 13004542, at *10-*11 (S.D. Ga. Dec. 27, 1993) (unpublished).

---

[2] In his brief, Appellant raises three additional issues: (1) that the Bankruptcy Court incorrectly concluded that Appellant violated the Stay (Doc. 3 at 27-31); (2) that the award of punitive damages was inappropriate (id. at 31-34); and (3) that the award of attorney's fees was improper (id. at 34-37). As this Court previously affirmed the Bankruptcy Judge's decision with respect to these threshold issues (CV409-128, Doc. 15), the Court will not entertain these arguments again as part of Appellant's second appeal.

4

In contrast, the Bankruptcy Court's conclusions of law are subject to de novo review. Chira v. Saal (In re Chira), 567 F.3d 1307, 1310 (11th Cir. 2009). Mixed questions of fact and law are also reviewed de novo. Bishara v. Gulfstar Indus. (In re Gulfstar Indus.), 236 B.R. 75, 77 (M.D. Fla. 1999).

I. BANKRUPTCY COURT'S RETENTION OF JURISDICTION

Appellant argues that the Bankruptcy Court abused its discretion by retaining jurisdiction over this adversary proceeding despite dismissing the underlying Bankruptcy Petition due to Appellee's fraud. (Doc. 3 at 9-16.) The Eleventh Circuit Court of Appeals has previously concluded that "the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement." In re Morris, 650 F.2d 1531, 1534 (11th Cir. 1992). The decision of whether to retain jurisdiction is left to the sound discretion of the Bankruptcy Court. Id.

In this case, Appellant bases his argument that the Bankruptcy Court abused its discretion on the fact that the underlying petition had been dismissed due to Appellee's fraud. Specifically, Appellant seems to contend that as a reward for him bringing before the Bankruptcy Court the

5

numerous instances of Appellee's fraud, the Bankruptcy Court should have dismissed the adversary proceeding against him. (Doc. 3 at 14 ("By retaining jurisdiction, the bankruptcy court is penalizing the one individual who painstakingly proved the numerous instances of fraud practiced by the debtor/appellee on the bankruptcy court and debtor/appellee's creditors over the course of three years and is rewarding debtor/appellee for his fraud.").) While Appellant would like to fashion himself as the White Knight coming to rescue the Bankruptcy Court from Appellee, the Bankruptcy Judge's factual conclusions belie that characterization. For example, the Bankruptcy Court concluded that the commencement of the adversary proceeding was the only way to insure that Appellant would not violate the Stay. (Doc. 1 at 963.) Indeed, that court concluded Appellant knew of the pending bankruptcy case, and intentionally violated the Stay by entering onto Appellee's land and digging up the fields Appellee had prepared for his peanut crop. (Id. at 164-65.) Even after being hand delivered a letter from Appellee's attorney informing Appellant that his actions violated the Stay, Appellant resumed plowing the prepared field, rendering it unsuitable for planting Appellee's peanut crop. (Id. at 165.)

6

Based on these facts, the Court concludes that the Bankruptcy Judge acted within his discretion in retaining jurisdiction over the adversary proceeding. To the extent that Appellant is arguing for a blanket rule that the Bankruptcy Court cannot retain jurisdiction where the underlying bankruptcy petition has been dismissed because of the debtor's fraud, the Court is unable to find any legal support for this position and declines to create such a broad exception. Accordingly, the Court **AFFIRMS** the decision of the Bankruptcy Court with respect to this issue.

II. BANKRUPTCY COURT'S CONCLUSION THAT ADVERSARY PROCEEDING WAS NECESSARY TO DETER APPELLANT FROM VIOLATING THE AUTOMATIC BANKRUPTCY STAY

Appellant argues that the Bankruptcy Court erroneously concluded that the adversary proceeding was necessary to deter Appellant from violating the Stay. (Doc. 3 at 16-19.) In support of this argument, Appellant contends that the "record is devoid of any facts which would lead to this conclusion." (Id. at 17.) In this respect, Appellant is clearly incorrect. The Bankruptcy Court found and the record supports that Appellant continued to ruin Appellee's preparations for planting even after being informed by Appellee's attorney that such action would violate the Stay. Based on these facts, the Bankruptcy Court's finding that the adversary proceeding was necessary to deter Appellant is

not clearly erroneous. Accordingly, the Court **AFFIRMS** the decision of the Bankruptcy Court with respect to this issue.

III. <u>AWARD OF ATTORNEY'S FEES AND PUNITIVE DAMAGES ABSENT ANY AWARD OF ACTUAL DAMAGES</u>

Appellant argues that the Bankruptcy Court cannot award either attorney's fees or punitive damages if it concludes that there was no harm suffered. (Doc. 3 at 19-25.) The statute authorizing the assessment of damages for a willful violation of an automatic bankruptcy stay provides that the injured individual "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The language of this section makes clear that part of the actual damages a debtor suffers for a violation of an automatic stay is attorney's fees. Indeed, the intent of Congress to incorporate attorney's fees as part of actual damages becomes quite apparent when compared with other attorney fee statutes. <u>Compare</u> 11 U.S.C. § 362(k)(1) ("[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."), <u>with</u> 42 U.S.C. § 19731(e) (listing attorney's fees separately from

actual damages), 42 U.S.C. § 1988(b) (same), 42 U.S.C. § 2000e-5(k) (same).

Based on these provisions, it appears Congress knew how to make an award of attorney's fees separate and distinct from an award of actual damages. However, Congress did not do so with respect to the award of damages for violations of automatic stays. The Court concludes, therefore, that attorney's fees and costs are recoverable as actual damages under 11 U.S.C. § 362(k)(1). As a result, the Bankruptcy Court correctly awarded Appellee attorney's fees and was within its discretion in assessing punitive damages. Accordingly, the Court **AFFIRMS** the decision of the Bankruptcy Court with respect to this issue.

IV. <u>EFFECT OF APPELLEE'S FRAUD ON APPELLANT'S VIOLATION OF AUTOMATIC BANKRUPTCY STAY</u>

Appellant argues that Appellee is estopped from contending that Appellant violated the Stay because Appellee perpetrated fraud during the course of the bankruptcy proceedings. (Doc. 3 at 26.) Appellant offers no supporting case law or statute for this position, and the Court has been unable to locate any. Normatively, Appellant's argument makes little sense. As best the Court can discern, Appellant is claiming that the resulting damage from any violation of the Stay was against Graham Farms, an

entity not a party to this case and in which Appellee fraudulently denied any ownership interest. According to Appellant, Appellee cannot now claim that he suffered injury based on the injury to Graham Farms because he fraudulently disclaimed any ownership interest in the farm during the bankruptcy proceedings.

After consideration of Appellant's argument, the Court can find no reason to reverse the decision of the Bankruptcy Court, which explicitly found that Appellee suffered damages as a result of Appellant's willful violation of the Stay. To the extent Appellant is arguing that the Bankruptcy Court was incorrect in concluding that Appellee was the injured party, the Court finds no merit to that contention. Accordingly, the Court **AFFIRMS** the decision of the Bankruptcy Court with respect to this issue.

V. PAYMENT OF ATTORNEY'S FEES TO APPELLEE'S COUNSEL

Appellant argues that the Bankruptcy Court incorrectly ordered that the award of attorney's fees be paid directly to Appellee's counsel. (Doc. 3 at 37-39.) According to Appellant, he is entitled to set-off the amount of the award against the money he claims he is owed by Appellee. (Id. at 37.) However, the former Fifth Circuit Court of Appeals[3] has

---

[3] Decisions of the former Fifth Circuit handed down before October 1, 1981 are binding precedent in this circuit.

determined that courts should have discretion to fashion schemes for payment of attorney's fees. Carr v. Blazer Fin. Servs., Inc. of Ga., 598 F.2d 1368, 1370 (5th Cir. 1979); see Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1521 (11th Cir. 1988) (recognizing that courts frequently award attorney's fees directly to counsel). After reviewing the limited case law on this issue, the Court can find no direct prohibition on the Bankruptcy Judge's decision to award attorney's fees directly to Appellee's counsel. In addition, Appellant offers no argument that to the extent the Bankruptcy Judge had discretion to fashion such an award, he abused that discretion. Finding no error in fact or in law, the Court **AFFIRMS** the decision of the Bankruptcy Court with respect to this issue.

## CONCLUSION

For the reasons above, the decision of the bankruptcy court is **AFFIRMED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 30th day of March 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).